UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Allen R. Aiken, #253738, | ) C/A No. 0:08-2491-RBH-BM |
| Plaintiff, | ) |
| vs. | ) |
| Judge Cottingham, | ) **Report and Recommendation** |
| State of South Carolina, | ) |
| Department of Parole, Probation and Pardon Services, | ) |
| South Carolina Department of Corrections, | ) |
| Warden, Robert M. Stevenson, III, | ) |
| Defendants. | ) |

_____

The Plaintiff, Allen R. Aiken, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Broad River Correctional Institution, serving a sentence for a Community Supervision Program (CSP) violation/revocation, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as Defendants: The (SC) Department of Probation, Parole and Pardon Services, the State of South Carolina, South Carolina Department of Corrections, (Circuit Court) Judge (Edward B.) Cottingham, and Warden Robert M. Stevenson, III of Broad River Correctional Institution.

Plaintiff's "Statement of Claim" reveals that the instant civil rights action results from Plaintiff being sentenced to a period of incarceration for violating the conditions of his Community Supervision Program (CSP). Plaintiff indicates that he was given a seven (7) year sentence on October 21, 1998. Plaintiff claims that he has now served ninety-two (92) months on that sentence, exceeding his original sentence by eight (8) months. Plaintiff states this "greater punishment" has been imposed by the Community Supervision Program (CSP). Thus, Plaintiff claims he is now being



unlawfully and unconstitutionally confined. Plaintiff further claims that he has been "placed in prison on and [sic] Aids patient yard with people that are carriers". Plaintiff seeks monetary damages from "each defendants agency."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even when considered under this less stringent standard, however, the undersigned finds that the *pro se* complaint is still subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

Plaintiff alleges that his current sentence, imposed by a South Carolina Circuit Court Judge for a Community Supervision Program (CSP) violation, constitutes an unlawful and unconstitutional confinement. However, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, in order to recover monetary damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged.



> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-487 (footnote omitted).

Hence, until the Plaintiff's sentence is reversed, vacated, or set aside, any civil rights action based on the CSP violation and resulting sentence will be barred because of the holding in *Heck v. Humphrey*.[1]  *See Williams v. Consovoy,* 453 F.3d 173, 177 (3rd Cir. 2006)(prisoner's § 1983 challenge to validity of decision revoking his parole uncognizable due to *Heck*).  *See also Linton v. Sullivan*, No. 98-3239, 1999 WL 503454, at *1 (6th Cir. July 6, 1999)("claim that undermines the validity of [Plaintiff's] parole revocation also challenges the fact or duration of his confinement" )(citing *White v. Gittens,* 121 F.3d 803 (1st. Cir. 1997)).  As Plaintiff makes no allegation that his sentence for a CSP violation has been invalidated, this case is subject to summary dismissal.

Further, even if this action was not otherwise barred, to the extent Plaintiff seeks monetary damages from "each defendants agency," he is barred from going forward against these Defendants

---

[1] The recent decision of the United States Court of Appeals for the Fourth Circuit in *Wilson v. Johnson*, No. 07-6347, 2008 WL 2854502 (4th Cir. July 25, 2008), does not appear to be applicable because the Plaintiff in the instant action is still in custody and may seek habeas corpus relief.



because they enjoy Eleventh Amendment immunity.[2] The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state, and agencies of the state share this immunity when they are alter egos of the state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). In the case *sub judice*, Plaintiff seeks damages from the State of South Carolina, the South Carolina Department of Parole, Probation and Pardon Services, and the South Carolina Department of Corrections. As an award of damages against these Defendants is barred by the Eleventh Amendment, these three Defendants, to the extent Plaintiff intended them to be separately named parties, are entitled to summary dismissal from the action.[3] *Edelman*, 415 U.S. at 663.

Plaintiff also names one Defendant, "Judge Cottingham", who is absolutely immune from suit. South Carolina Circuit Court Judges are part of the State of South Carolina's unified judicial system, and they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions"). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit

---

[2] The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[3] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979).



rather than a mere defense to liability").  As Defendant Cottingham was acting as a South Carolina Circuit Court Judge when he ordered the Plaintiff to be confined, he is immune from suit in the above-captioned civil rights action and is entitled to summary dismissal from this case.

Finally, Plaintiff's claim that he has been placed on the same "yard" as inmates who are carriers of the Acquired Immune Deficiency Syndrome (AIDS) virus, must also fail.  Courts, including this District Court, have consistently held that a prisoner's confinement in proximity to carriers of the AIDS virus does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.  *See Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir. 1988)(prison's failure to segregate inmates with HIV/AIDS did not violate Eighth Amendment); *Oladipupo v. Austin*, 104 F. Supp. 2d 626, 635 (W.D. La. 2000)(same); *Deutsch v. Federal Bureau of Prisons*, 737 F. Supp. 261, 267 (S.D.N.Y. 1990)(same); *Portee v. Tollison*, 753 F. Supp. 184, 186-187 (D.S.C. 1990)( prison officials' policy decision not to segregate HIV carriers does constitute deliberate indifference and does not violate the Eighth Amendment).

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

August 27 , 2008                                     Bristow Marchant
Columbia, South Carolina                        United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

